HARDMAN and others *v.* FIREMEN'S INS. CO.[1]

*Circuit Court, E. D. Louisiana.* April 28, 1884.

1. FIRE INSURANCE—DOUBLE OCCUPANCY—SUPPRESSION—INCREASE OF RISK.

If the occupancy by two tenants rather than by one increased the risk, and there had been a failure to disclose that material fact, the policy was void; but if the fact of the additional occupancy did not increase the risk, there was no suppression which was material, and the policy was valid. The test of materiality is whether the disclosure of the fact would have influenced the rate of premium. This question was one of fact and not of law, and was properly left to the jury.

2. WEIGHT OF EVIDENCE.

Where the question to be dealt with by the jury is one for practical judgment, and one witness was sworn upon one side, and seven equally competent upon the other, and the finding of the jury is sustained by the majority of the witnesses, the verdict will not be disturbed, even where the evidence of the single witness opposed to the majority seems more correct to the court.

At Law. On motion for new trial.

*E. D. White*, for plaintiffs.

*Geo. H. Braughn, Chas. F. Buck*, and *Max. Dinklespeil*, for defendant.

BILLINGS, J. This cause is submitted on a motion for a new trial. The action is on a policy of insurance. The defense was that there had been a suppression of, or a failure to disclose, a material fact. The fact insisted on as material was that one story of the large building in which plaintiffs' insured stock was situated, was occupied by the manufacturers of washing-machines, the insurance being on plaintiffs' stock and materials as manufacturers of pianos, and the answer of the plaintiffs to defendant's questions failing to disclose that there was any tenant in the building occupied by them other than themselves. The evidence established that the business of manufacturing "washing-machines" was certainly no more hazardous than that of the manufacturing of pianos. The point urged by the defense was that the fact that two tenants occupied different portions of a building created an increased risk for goods or property situated in the building, as compared with the risk for the same goods when the building was occupied by the owner of the goods. The court charged

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

the jury that if the occupation by two tenants rather than by one increased the risk, then there had been a failure to disclose a material fact, and the policy was void; but that if, on the other hand, the fact of the additional occupation did not increase the risk, there was no suppression which was material, and the policy was valid; and that the test of materiality was whether the disclosure of the fact would have influenced the rate of premium.

The two points urged by the defendant's counsel are (1) that the question was one of law and not of fact; and (2) that the weight of evidence was so great in favor of the materiality of the fact in question, that, even if the question was properly left to the jury, their verdict should be set aside.

1. I think the question here presented was one of fact, and not for legal inference, and the question was properly left to the jury. Ang. Fire & Life Ins. Co. § 135; *M'Lanahan* v. *Universal Ins. Co.* 1 Pet. 170, 188.

2. As to the weight of the evidence, the defendants called I. N. Marks, Esq., again, who testified most clearly and positively, as an expert, that the twofold tenancy increased the risk and rate of premium. If, as had been my impression up to the argument of this motion, Mr. Mark's testimony stood alone on this question, or if it had been met by merely one witness, I should have granted this motion and directed a new trial, as it seems to me that the reasons given by Mr. Marks are well founded. But the record contains the testimony of seven other witnesses, all of them experts, who testify under commissioner as follows: *Question II.* "As an expert, what is your opinion as to the effect produced on the risk, on a piano manufacturing establishment, by the occupancy and use of one story or a portion of the building by a washing-machine factory?" (1) To this question John L. Douglass answers: "The risk would be lessened rather than increased." (2) Edgar A. Holley answers: "None whatever." (3) David S. Ketchum answers: "None; it would not increase the hazard." (4) Vincent Tilgon answers: "None; it would not increase the risk." (5) Thomas Rowland answers: "It would not affect it at all." (6) John Edgar Phillips answers: "No effect, except that we always prefer one tenant." And (7) Benjamin Durham answers: "Does not add to the risk; has no effect on it."

The question dealt with by the jury is one for practical judgment, to be decided in part upon inferences from knowledge of human experience, and is also in part properly to be testified about by witnesses who are specially conversant about the matter of taking risks. An examination of the testimony shows that seven witnesses testified as to this matter in the negative and one witness in the affirmative. The jury in their verdict followed the testimony of the seven witnesses, though the question submitted is one upon which any individual might form a satisfactory opinion, and upon which the opinion of Mr. Marks seems to me as more correct than that of the seven

who differed from him. Nevertheless, it is a question as to the rate which insurers would charge, and upon which the jury could also for themselves form a satisfactory opinion, and since their finding is sustained by such a majority of the witnesses interrogated on the subject, I am of opinion that the verdict should not be disturbed.

The motion is denied.