## GAY v. NEW YORK LIFE INS. CO.
### No. 5811.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1931.

J. M. Benton and S. T. Davis, both of Winchester, Ky., for appellant.

Wm. Marshall Bullitt, of Louisville, Ky. (Leo T. Wolford, John E. Tarrant, and Bruce & Bullitt, all of Louisville, Ky., on the brief), for appellee.

Before MOORMAN, HICKS and HICKENLOOPER, Circuit Judges.

PER CURIAM.

Following the former appeal to this court in the instant case, New York Life Ins. Co. v. Gay, 36 F.(2d) 634, the plaintiff below, now appellant, amended his reply by denying that Gay, the insured, made any fraudulent misrepresentations or that he was guilty of fraudulent concealment, either at the time the application was made or at the time the policy was delivered. The evidence introduced at the second trial was substantially identical with that introduced at the first. The same arguments are now urged as were then made, to the effect that, by reason of advance payment of the first year's premium, the policy was written as effective on the date of the application, that the court may not look to the application to see what disclosures were or were not made therein, the copy of such application attached to the policy being said to have been illegible under the statutory rule in Kentucky (sections 656 and 679, Kentucky Statutes), and, no other evidence being competent, it is claimed, to show false representations, that it was therefore impossible to establish the defense of either fraudulent concealment or fraudulent misrepresentation as of the time of making the application, and that, by making the policy effective as of the date of the application, the company assumed the risk of any changes in the condition of health of the insured between the date of the application and that of delivery of the policy.

We see no good reason for departing from our decision upon the former appeal. There we found it unnecessary to determine whether the copy of the application was or was not legible, or whether that was a question of fact or of general law upon which we must be guided by our own judgment, or one of construction of local statutes in which we would follow the court of last resort of the state. It seemed to us sufficient that Gay had good reason to believe that he was suffering from cancer at the time of his application, even if he did not positively know this to be the fact, and that his fears were confirmed and made certain between that date and the delivery of the policy. Under these circumstances, to uphold the validity of the policy would operate as a distinct fraud upon the defendant company. We applied the doctrine of Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895. Our views in this respect are unchanged.

On the authority of New York Life Ins. Co. v. Gay, supra, the judgment of the District Court is affirmed.