## NEW YORK LIFE INSURANCE CO v CLUTTS

Ohio Appeals, 4th Dist, Lawrence Co

Decided Nov 16, 1931

Louis H. Cook and Arnold, Wright, Purpus and Harlor, Columbus, for plaintiff in error.

H. A. McCown, Ironton, for defendant in error.

**MAUCK, PJ.**

We do not deem it necessary to go into all the questions raised in argument. The insured made no false representations to obtain this insurance. It does not appear that when he made his application he had any reason to suspect that his physical condition was unsound, and he had no reason to anticipate the collapse that was soon to follow. No question of honesty or good faith is therefore involved in this case. If the defendant is to be relieved from liability it is because of the provision in the application in these terms:

"That the insurance hereby applied for shall not become effective unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his life time, and then only if the applicant has not consulted or been treated by any physician since his medical examination".

The application was signed March 7, 1930, and the policy was issued in New York City on March 12. On the same day that the policy was signed in New York the insured paid the local agent at Ashland, Kentucky, the amount of the first annual premium, the agent taking and discounting the note of the insured for that sum. On the day the policy was signed it was mailed to the defendant's general agent at Louisville, Kentucky, and on March 15 was mailed out of the Louisville office to the local agent at Ashland. It is true that there is no direct evidence of when it was mailed but the date of its receipt at Ashland shows that it must have been mailed from Louisville on the 15. On March 17 the local agent took the policy to the residence of the insured and was then informed that the insured was ill. The policy was left at this time at the residence of the insured. On Sunday, March 16, the day after the policy had been mailed from Louisville and the day before it had been left for the insured at his residence and four days after the first premium had been paid, the insured suffered an attack of nose bleed and was treated by two physicians. His illness developed rapidly and resulted in his death on March 21.

If we are to give to the word "delivery" as used in the application an interpretation that is equivalent to the manual passage of the policy from the local agent to the insured then it is manifest that the delivery occurred after the insured had consulted with his physicians, and that such defense is open to the insurer unless it was waived by the delivery of the policy by the agent with knowledge of the insured's illness. We do not go into the question of waiver and are therefore not required to examine that question in the light of **John Hancock Mutual Life Insurance Co.** v. **Luzio, Ohio Law Bulletin, June 29, 1931** and **Stipcich v. Metropolitan Life Insurance Co., 277 U. S. 311,** altho we deem the latter case as strongly inclining to the view that there might have been a waiver in this case.

We are content to give to the term "delivery" a much broader significance than that employed by the manual passage of the document from one person to another. It is not worth while for us to recite the cases that seem to us to justify our position in this behalf. They are to be found in the note appended to **Life Insurance Co.** v. **Otto, 53 A. L. R. 492.** They are to the effect that where the premium has been paid delivery may be effected by delivery to the agent, and delivery to the agent is accomplished by placing the policy in the mails, directed to him. There are authorities to the contrary and some of these authorities may be said to be as impressive in their reasoning as those relied upon by the plaintiff in this case. However, the employment of the word delivery as part of the contract between the parties was due to the defendant. The defendant used that term with full knowledge that while in some instances it had been given the restricted view that it now claims for the word yet in other instances it had been

given the broader significance now claimed for it by the plaintiff. When an insurance company uses an ambiguous term, knowing that it is capable of more than one construction, it ought to be and is held to that interpretation most unfavorable to it and most favorable to the insured.

Upon the authorities referred to we hold that delivery of this policy was made on March 15 and that the defense attempted to be pleaded was not available to the defendant.

Judgment affirmed.

MIDDLETON and BLOSSER, JJ, concur.