EDWARD B. RUST *v.* METROPOLITAN LIFE INSURANCE COMPANY, a corporation of the State of New York.

*(October* 26, 1934.)

RICHARDS and REINHARDT, J. J., sitting.

*James M. Tunnell* for plaintiff.

*Frank M. Jones* for defendant.

Superior Court for Sussex County, Sums. Case, No. 38, June Term, 1932.

REINHARDT, J., delivering the opinion of the Court:

This is a suit upon an insurance policy purporting *inter alia* to insure the plaintiff against the risk of illness and the risk of certain types of surgical operations.

At the close of the plaintiff's side of the case, the defendant moved for a non-suit upon two grounds.

First, that the answers which plaintiff testified he gave to the agent for the insurance company in response to at least two of the questions in the application did not disclose to the company certain facts material to the risk and which were within the knowledge of the plaintiff, and, therefore, the policy was voidable at the option of the company.

Second, the plaintiff's evidence disclosed that after the execution by him on July 31, 1931, of the application for insurance and prior to the execution of the policy and payment of the premium, plaintiff consulted a physician on August 11, 1931, in regard to his then illness and that he did not disclose this fact to the defendant insurance company.

The defendant contends that this consultation of a physician by plaintiff as aforesaid indicates a material change in the condition of his health between the date of the application and the date of the policy and imposes upon him the duty of fully informing the defendant company of his consultation with the physician, and that his failure to do so makes the policy voidable at the option of the company.

It is a rule of law in almost every jurisdiction that insurance policies are contracts in which the utmost good faith is required both on the part of the insurer and the insured. A failure by the insured to disclose conditions affecting the risk of which he is aware makes the contract

voidable at the insurer's option. *Stipcich v. Metropolitan Ins. Co.*, 277 *U. S.* 311, 48 *S. Ct.* 512, 513, 72 *L. Ed.* 895.

In *Equitable Life Assurance Co. v. McElroy* (*C. C. A.*), 83 *F.* 631, 636, the Court said:

"In other words, the honesty, good faith, and truthfulness of the person whose life is insured form the actual foundation of the agreement of life insurance. It is for this reason that contracts of life insurance are said to be *uberrimae fidei* [of the utmost good faith], and any material misrepresentation or concealment is fatal to them. * * * The nature of this contract, the insurance of a man's life, the perfect familiarity of the man himself with the condition of its subject-matter, his own life, the ignorance of the insurance company concerning it, and its necessary reliance in making the contract upon his good faith, honesty, and truthfulness, impose upon him the duty of disclosing to the company every fact material to the risk which comes to his knowledge at any time before the contract is finally closed. An intentional omission to discharge that duty * * * necessarily avoids the contract. * * *"

In the instant case the application contained a number of questions. Two of them were as follows:

Question 25—"Are you now affected with any form of bodily or mental disease, disorder, infirmity or impairment?"

Question 27—"Have you within the last five years had medical or surgical advice or treatment or any departures from good health?"

These questions were not ambiguous and they called for a frank, full and plain statement of the facts surrounding the plaintiff's condition of health throughout the period of five years prior to the date of the application. The plaintiff testified that his answer to each of the questions was: "I had a little stomach trouble which I called heartburn and I had consulted several doctors about it." This answer of plaintiff to questions 25 and 27 comprises all the facts concerning the condition of his health, which were disclosed by the plaintiff to the Insurance Company. Yet, the plaintiff on cross-examination admitted that he had consulted a Dr. Eberhardt, a specialist in Philadelphia,

approximately ten times over a period of about four months and within less than a year of the date of the policy. The plaintiff further admitted that Dr. Eberhardt had diagnosed the plaintiff's illness as caused by a duodenal ulcer. The plaintiff admitted that none of these facts were disclosed by him to the insurance company.

The plaintiff further admitted on cross-examination that he had consulted Dr. Beebe and the Hospital Staff at Lewes, Delaware, in regard to his health at various times between February 28, 1928, and June 28, 1928, and that he had not disclosed these facts to the Insurance Company.

The plaintiff further admitted on cross-examination that on August 11, 1931, just four days before the date of the policy, he consulted Dr. Metzler at Bridgeville, Delaware, in regard to the then condition of his health, and that he did not disclose to the Insurance Company the fact that he had consulted Dr. Metzler.

The paintiff further testified that he had had stomach trouble for twelve or thirteen years and that this fact was not disclosed to the Insurance Company.

It must not be forgotten that the policy which the plaintiff sought to obtain, insured against the risk of sickness or disease. It was, therefore, of the utmost importance to the company to be fully informed as to what diseases, and how many attacks of illness the plaintiff sustained and the amount, nature and character of the medical treatment he required during the period of five years prior to the date of the application for insurance.

As a result of this failure on the part of the plaintiff, we are forced to the conclusion that the answer of the plaintiff to questions 25 and 27 in the application was an evasion of the real facts concerning his condition of health.

The facts not disclosed by the plaintiff to the Insurance Company were all material to the risk and under the reported cases, such a failure on the part of the plain-

tiff to make full disclosure renders the policy voidable at the option of the company. The company's refusal to consider itself bound by the policy is an election to treat it as void. We are constrained to grant the motion for the nonsuit, and it is so ordered.