result, in effect, was reached as would have been the case had it dismissed the petition in error for want of a final judgment.

In the case at bar, with the action still pending in the trial court, and with no verdict or finding for or against The Midland Steel Products Company, we are forced to the conclusion that no final judgment has been rendered in the case as to that company, and that the petition in error must be dismissed.

*Petition in error dismissed.*

LLOYD, J., concurs.

WILLIAMS, J., concurs in judgment.

McSWAIN *v.* WASHINGTON FIDELITY NATIONAL INS. CO.

(Decided December 24, 1934.)

*Mr. Benjamin Schwartz* and *Mr. Arthur F. Shott,* for plaintiff in error.

*Messrs. Hightower & O'Brien,* for defendant in error.

Ross, J. This is a proceeding in error from the Court of Common Pleas of Hamilton county, wherein the court rendered judgment for the defendant at the close of the plaintiff's case.

The plaintiff in error, Aaron McSwain, was solicited by an agent of the Washington Fidelity National Insurance Company, defendant in error, to take out a policy of insurance, covering health, accident and life. The company wrote no such policies on persons over 49 years of age. There is no evidence that the insured knew of this rule. The plaintiff in error told the agent of defendant in error that he was between 58 and 62 years of age. The agent stated he looked as though he were between the ages of 45 and 49, and had the policy issued with the insured designated as 49 years of age.

The policy was delivered to the insured. It contains the statement that the insured was 49 years of age, and the insured stated that he could only read "a little".

The company later cancelled the policy, after having paid two sick benefits.

The plaintiff in error stated that he was willing to credit the amount of these benefits upon all the premiums paid, which he now seeks to recover in this action.

If the insurance was in force up to the time of cancellation by the company, then he cannot recover. If it was not in force, he can recover.

Section 9407, General Code, provides as follows:

"Any person who solicits an application for insurance upon the life of another in any controversy between the assured or his beneficiary and the company issuing a policy upon such application shall be re-

garded as the agent of the company and not the agent of the assured.''

Even if it be contended that this section does not apply to a policy covering health, accident and life, such as is involved in the instant case, the statute merely embodies the common law principle applicable. In *John Hancock Mutual Life Ins. Co.* v. *Luzio,* 123 Ohio St., 616, at page 622, 176 N. E., 446, it is stated:

''The first is Section 9407, General Code, which provides that in any controversy between the beneficiary and the company the person who solicits an application for insurance shall be regarded as agent of the company and not of the insured. However, this is but placing into statutory form the common-law principle that a soliciting agent, in respect to that particular branch of business intrusted to him, becomes the agent of the principal. Under the provisions of the foregoing section the scope of the soliciting agent's authority includes the duty not only of soliciting applicants for life insurance, but of reporting to his company the information acquired from applicants relating to their soundness of health.''

If the insured knew of the rule or regulation against insuring persons over 49 years of age, and knew that the agent intended to falsify insured's age, there could be no liability upon the company. In *Mutual Life Ins. Co. of N. Y.* v. *Hilton-Green, Exrs.,* 241 U. S., 613, 36 S. Ct., 676, 60 L. Ed., 1202, the syllabus reads:

''Material representations in an application for life insurance which are incorrect, if known to be untrue by the assured when made, and nothing else appearing, invalidate the policy issued by the insurer relying on such representations, without further proof of actual conscious design to defraud.

''The general rule, which imputes an agent's knowledge to the principal, does not apply when the third party knows there is no foundation for the ordinary

presumption, and he is acquainted with circumstances plainly indicating that the agent will not advise the principal.

"The rule imputing agents' knowledge to the principal is intended to protect those exercising good faith and not as a shield for unfair dealing.

"While §2765, Florida Statutes, undertakes to designate as agents of insurance companies certain persons, in fact, acting for such companies in some particulars, it does not fix the scope of their authority as between the company and third persons, and does not raise special agents with limited authority into general ones with unlimited power.

"One consciously permitting an application containing material misrepresentations to be presented by subordinate agents to officers of a life insurance company, under circumstances which he knows negatives any probability of the actual facts being revealed, and later accepting policies which he knew were issued in reliance upon statements both false and material, can claim nothing under such policies.

"An applicant for insurance should exercise toward the company the same good faith which he may rightfully demand from it; the relationship demands fair dealing by both parties."

There is no evidence that the insured knew that the agent intended to falsify his application or that the age was material. Being illiterate, he cannot be held to have been aware of the fraud upon receipt of the policy. In *Life Ins. Co.* v. *Luzio, supra,* it is stated, at page **622:**

"If the applicant has, truthfully and in good faith, supplied such information to the agent, and the agent has wrongfully or fraudulently reported the facts so given him, the soliciting agent becomes the agent of the company, which becomes responsible for such wrongful or fraudulent conduct of its agent in the business in-

trusted to him. But if the insured fails to disclose facts and conditions, of which he is aware, materially affecting the risk, the insured cannot recover unless the company waives forfeiture after it obtains knowledge of such undisclosed facts and conditions. *Stipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S., 311, 48 S. Ct., 512, 72 L. Ed., 895."

It is our conclusion, therefore, that the agent of the insurer, having knowledge of the correct age of the insured, such knowledge was the knowledge of the insurer, and it must be taken to have waived the regulation as to age.

If this were an action by the insured to recover a loss under the policy, we should be compelled to so hold.

Thus viewing the case, we find that the policy was in effect from its inception until cancelled, and the insurer was entitled to the premiums paid for coverage of the losses provided for in the policy.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.