## MOORE v. AMERICAN HOME MUT. LIFE INS. CO.

### No. 13421.

Court of Civil Appeals of Texas. Dallas.

July 16, 1943.

Rehearing Denied Oct. 15, 1943.

Chaney & Davenport, of Dallas, for appellant.

J. W. Hassell and J. W. Hassell, Jr., both of Dallas, for appellee.

BOND, Chief Justice.

Appellant instituted this suit against appellee on an insurance policy, insuring the life of appellant's daughter, Belzora Moore Webb. Appellant is the beneficiary in the policy; also was the soliciting agent of the insurer, made application for the insurance, and forwarded same by mail to the Insurance Company at Washington, D. C. The policy was issued May 28, 1941, upon representations of appellant, as reflected in the application, that the insured was in good health. The application contained conditions and provisions requiring appellant and the insured to make full and true disclosures respecting all matters material to the risk.

The conditions and provisions, in effect, were severally pleaded by the appellee, alleging that the policy was void from its inception, in that it was secured by fraud and fraudulent representations made by appellant and the insured as to the condition of insured's health.

The undisputed evidence shows that the insured, Belzora Moore Webb, was appellant's daughter and a member of his household; that appellant had opportunity to know the full and true condition of his daughter's health at the time the application for insurance was made to the Company; that appellant represented in the application that Belzora was an insurable

risk. The record further shows that Belzora had been in bad health and under the care of a physician for more than a year prior to the application; that she was sick and confined to her bed at the time the policy was issued, was in the throes of death when appellant, as agent of the Company, received the policy, and that she died on June 7, 1941, without having the policy delivered to her and without knowledge of its existence.

Appellant testified that he did not know his daughter was sick until two days before her death, and was not advised of her illness; that he did not tell The American Home Mutual Life Insurance Company that at the time the policy was received, his daughter was in bed with a disease which resulted in her death. In response to questions, he testified:

"Q. After she died, or before, either before or after you sent in this proof of death and asked them to pay you, did you tell them she was in bed when the policy was received, and died from the disease from which she was suffering? A. No, sir, I didn't tell them that.

"Q. When you sent in and asked them to pay you, you knew that she had died without getting out of bed from the disease that she was suffering from on the 28th of May. A. I didn't know that.

"Q. You had learned it, hadn't you? A. I hadn't learned anything.

"Q. Dr. Wade had told you, hadn't he? A. He didn't tell me what she died with.

"Q. Did he tell you she was sick from the time he was first called until she died? A. I didn't ask him how long because I didn't know it.

"Q. Will you answer that question—did he tell you? A. No, sir, he didn't.

"Q. Did you learn from any source that she continued to be sick from the 28th day of May until she died? A. I did not.

"Q. Did you learn from any source that she was sick from the 11th day of May until she died? A. I haven't asked anybody any questions.

"Q. I asked if you learned that from any source? A. No, sir."

The record further discloses that the policy of insurance was forwarded to appellant, as agent of the Insurance Company, by the home office and received by him on May 28, 1941, that he retained the policy in his possession until after the death of the insured, and that at the time the policy was issued and delivered, Belzora was sick in bed of an illness from which she died, without getting possession of the policy.

In brief, the principal elements of appellant's cause of action are that on May 28, 1941 the policy of insurance was issued on the life of appellant's daughter, Belzora Moore Webb, in consideration of payment of the assessed premium shown in the policy; that the policy was issued and delivered to appellant on payment of such premium, and that the only condition stipulated in the policy to avoid its full force and effect, as evidenced by its terms, is failure to pay premiums when due; that the policy expressly provides that its terms and conditions "constitute the entire contract between the Company and the insureds named herein"; that no change in the policy "shall be valid unless approved by an executive officer of the Company and evidence of such approval attached hereto and made a part hereof. No agent has authority to alter this policy or waive any of its provisions, and no statement made by an agent or by any insured and not included herein, shall void this policy or be used in any legal proceedings hereunder." These quoted provisions are contained in the policy. Thus, appellant contends that as the application for the insurance was not attached to the policy, and its terms made a condition precedent to liability, and as the policy evidences no requirement of the agent to withhold delivery in the event insured was in bad health, liability thereon cannot be voided by proof that the insured was not an insurable risk.

We think it was insured's duty, and certainly appellant's, to advise the insurer of the true condition of the risk; it was appellant's duty, as agent of his principal, to know the condition of insured's health and to truly advise his principal as to her condition before incurring liability. Manifestly, appellant could not be the beneficiary of his own wrong, or, by his acts, cause the Company to enter into a contract with another, naming him beneficiary, when such contract evidently would not have been made had there been a full and true disclosure of insured's physical condition. The insured not being an insurable risk, it was the imposed duty of appellant to make the disclosure, thus avoiding imposition upon his principal; and if, forsooth, appellant did not know of his daughter's condition, his lack of knowledge should have been disclosed, else he should suffer the

consequences and not be permitted to impose his ignorance of a material fact upon his principal to his own financial gain. Appellant occupied a dual capacity in relation to the policy-agent of the insurer, father of the insured, and beneficiary under the policy—thus his primary duty was to his principal, and in consequence, a failure of duty resulting in injury to his principal, must be borne by him as the beneficiary who caused such injury.

█ The policy of insurance purports a contract to insure the life of an insurable risk. Its true character cannot be concealed or changed by the use or absence of words. Courts will look behind the terminology to ascertain the intent of the parties. It is very evident that the contracting parties did not intend the insurance to cover a person on her death bed, or suffering from a serious and fatal disease. It is evident that the mutual understanding of the parties was to the effect that the insured was alive and that, at least, she was free from any ailment that seriously affected the general soundness of her system. It could hardly be said that appellee would have entered into the insurance contract had it not been advised by appellant, in the application for insurance, that insured was in sound health and an insurable risk. The policy was issued in good faith on appellant's representations, which proved to be untrue, Therefore, the contract must be given such meaning as will carry out and effectuate, to the fullest extent, the intention of the parties. It would be a strained construction to permit a beneficiary, an imposed agent of insurer, to invoke the contention that, because the policy is silent as to the physical condition of insured, he should be permitted to recover, when, in truth, the subject of the contract was not an insurable risk, which fact, if not known by appellant, could have been ascertained by him by the exercise of the slightest concern. Hence, we conclude that the trial court did not err in sustaining appellee's motion for judgment at the conclusion of appellant's evidence. The judgment is affirmed.

Affirmed.

## On Rehearing.

PER CURIAM.

█ The primary question involved in this appeal is the failure of the insured, her agent and beneficiary, and the agent of the Company—all represented by appellant—to disclose to the Company any adverse change in her physical condition, occurring after the application was submitted for the insurance (assuming that she was then in sound health), and before appellant received the policy for delivery to the insured. It is in evidence that at the time appellant received the policy, the insured was on her deathbed and died within a few days after such policy was received. In Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311, 48 S.Ct. 512, 72 L.Ed. 895, (in substance), and in Shaner v. West Coast Life Ins. Co., 10 Cir., 73 F.2d 681, approved in Phipps v. American Nat. Ins. Co., Tex. Civ.App., 116 S.W.2d 800, it is said: "The simplest rudiments of fairness require an applicant for insurance to disclose to the company any adverse change in his physical condition occurring after the application is submitted and before the policy is issued and delivered. Failure to do that here rendered the policy unenforceable because in virtue of the contractual provision it did not go into effect." Appellant contends that the application for the insurance has no contractual force, not being made a part of the policy. We recognize the rule of law. The particular facts in insurance contracts of this character are largely controlling as to the principles of law applicable thereto. In this instance, there is no question that the insurance was issued on the certificate representing that the insured was an insurable risk; that the Company had no other knowledge of the risk, and did not know that at the time the policy was delivered to appellant, the insured was in a dying condition. In all fairness to his principal, appellant's duty impelled him to avoid liability in ascertaining the true condition of the insured. He was the father of the insured; made the application, designating himself as beneficiary, and forwarded it to the Company. The Company relied explicitly upon the good faith of appellant in disclosing the true facts. Under the testimony as detailed in the record and the allegations of fraud in defendant's pleadings, issues of bad faith and negligence on the part of appellant, acting for himself and the insured, were raised, rendering the insurance contract unenforceable. It did not go into effect.

Appellant's motion for rehearing is overruled.