The complainant prays for the cancellation of an insurance policy written upon the life of Harry A. Macaulay. The policy came into existence as an obligation of complainant upon its delivery to Mr. Macaulay May 24th, 1946. It was based upon an application and physical examination made almost a month earlier, April 30th. The same day that the application was made, and either a few hours earlier or just afterward, Macaulay called on Dr. Richard H. Dieffenbach. He complained that for some months he had been troubled by indigestion and gas, and that he slept poorly. The doctor attributed his condition to the recent extraction of several teeth and prescribed a tablet. Two weeks later, May 13th, Macaulay again consulted Dr. Dieffenbach for the same complaints, but this time he was advised to have some X-rays taken. This was done and a report of the X-rays sent to Dr. Dieffenbach. Macaulay called on the doctor for the third time, May 21st, three days before the policy was delivered. Dr. Dieffenbach testifies, "I said he needed an operation, and told him to go home and talk it over with his family. His weight had been 170 pounds, and that day it was 155. I explained to him that there was some mechanical obstruction to his stomach, which impeded the emptying of the stomach and caused him this distress. I told him we would have to do something to overcome this obstruction."
The operation was performed June 6th and the patient lingered on until July 24th and that day died.
Macaulay was not told, and probably did not suspect, that he had a cancer. He may have supposed he had a stomach ulcer or just have been puzzled as to the source of his trouble. But no man faces an abdominal operation lightly. He had become a hazardous risk. Good faith required Macaulay, when the policy was tendered to him, to disclose the facts that I have recited. His failure to do so amounted to a fraud on the company for which the policy will be canceled. Metropolitan Life Insurance Co. v. Somers,137 N.J. Eq. *Page 298 419; Sticich v. Metropolitan Life Insurance Co., 277 U.S. 311;48 S.Ct. 512; Cohen v. Mass. M.L.I. Co., 166 Fed. Rep. 2d63; Watson v. Metropolitan Life Insurance Co. (Pa.),21 Atl. Rep. 2d 503.