73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alan ARON, Trustee of the Terry W. Aron Revocable Living
Trust dated 3/9/92, Plaintiff-Appellant,
v.
FEDERAL KEMPER LIFE ASSURANCE COMPANY, an Illinois
Corporation, Defendant-Appellee,
 No. 94-15175.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1995.
Decided Dec. 22, 1995.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Alan Aron ("Aron") appeals the district court's grant of summary judgment to defendant Federal Kemper Life Assurance Company ("Kemper") in Aron's diversity action alleging breach of contract and bad faith. Aron, who sued in his capacity as trustee of the Terry W. Aron Revocable Living Trust, alleged that Kemper wrongfully failed to pay the proceeds of a $500,000 life insurance policy purchased by Terry Aron. In granting Kemper summary judgment, the district court held that Terry Aron had breached his common law duty to disclose material changes in his health and medical treatment that occurred after he completed his insurance application but before the company delivered the policy. Because the uncontroverted evidence indicated that Kemper would not have issued the life insurance policy to Aron had it known of the changes in Aron's health and medical treatment, the district court concluded that Kemper was entitled to rescission of the insurance contract.
 
 
 3
 We have jurisdiction over Aron's appeal pursuant to 28 U.S.C. Sec. 1291. We review the district court's grant of summary judgment de novo. See Katz v. Children's Hosp. of Orange Cty., 28 F.3d 1520, 1534 (9th Cir.1994). For the reasons set forth below, we affirm the district court's ruling.
 
 DISCUSSION
 
 4
 1. Insurance Applicant's Common Law Duty to Disclose
 
 
 5
 Arizona law applies in this diversity action. Aron argues that the district court erred in concluding that Arizona courts would recognize the common law duty of an insurance applicant to disclose changes in his or her health arising after an application is completed but before the policy is delivered.
 
 
 6
 When interpreting state law, a federal court is bound by the decision of the highest state court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.
 
 
 7
 In re Kirkland, 915 F.2d 1236, 1238-39 (9th Cir.1990) (citations omitted).
 
 
 8
 The Arizona Supreme Court has not addressed whether an insurance applicant has a common law duty to disclose changes in his health occurring after application for an insurance policy but before its delivery. According to Aron, the Arizona Supreme Court's holding in Sparks v. Republic Nat'l. Life Ins. Co., 132 Ariz. 529, 534-35, 647 P.2d 1127, 1132-33 (en banc), reh'g denied, cert. denied, 459 U.S. 1070 (1982), implicitly rejects such a rule by holding that, "[i]f an insurer desires to limit its liability under a policy, it should employ language which clearly and distinctly communicates to the insured the nature of the limitation." Sparks, however, concerned the standards for interpreting ambiguous policy provisions, and did not address whether an insured has a continuing common law duty to disclose risk-related information to an insurer apart from the policy's terms. Sparks is simply not relevant to the issue here.
 
 
 9
 Because it was presented with a question of Arizona law upon which the state's supreme court had not ruled, the district court predicted whether Arizona courts would impose the common law continuing duty to disclose. We agree with the district court's well-reasoned analysis of this question.
 
 
 10
 The United States Supreme Court described the common law duty to disclose in Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311, 316-17 (1928) (citations omitted):
 
 
 11
 [E]ven the most unsophisticated person must know that, in answering the questionnaire and submitting it to the insurer, he is furnishing the data on the basis of which the company will decide whether, by issuing a policy, it wishes to insure him. If, while the company deliberates, he discovers facts which make portions of his application no longer true, the most elementary spirit of fair dealing would seem to require him to make a full disclosure. If he fails to do so the company ... has a valid defense to a suit upon [the policy.]
 
 
 12
 The Arizona Court of Appeals has acknowledged, in dicta, that the Stipcich rule is the "general rule among other jurisdictions." McCollum v. Continental Cas. Co., 151 Ariz. 492, 494, 728 P.2d 1242, 1244 (Ariz.Ct.App.1986). The McCollum court, however, did not need to apply the Stipcich rule because the policy at issue in McCollum was predated to cover the insured from the date of the application. Instead, the McCollum court applied the "predated policy rule," also described in Stipcich: "[w]hen an insurer agrees to predate a policy and accepts a premium payment for the period between the date of application and the date of issuance, then that insurer has assumed the risk of any intervening loss." Id.
 
 
 13
 In its reliance on Stipcich 's articulation of the common law, McCollum suggests that Arizona courts, if presented with the facts of this case, would adopt the common law rule that an insurer has a continuing duty to disclose.[1] Accordingly, we conclude that the district court did not err in applying the common law rule in this case.
 
 2. The Effect of the Failure to Disclose
 
 14
 Arizona law provides that an insured's misrepresentations, omissions, concealments of facts, or incorrect statements will not prevent recovery under a policy unless (1) fraudulent, (2) material either to the acceptance of the risk or to the hazard assumed by the insurer, and (3) the insurer, acting in good faith, would not have issued the policy had the true facts been disclosed as required by the application or otherwise. See A.R.S. Sec. 20-1109 (1990). All three conditions must be satisfied. State Compensation Fund v. Mar Pac Helicopter Corp., 156 Ariz. 348, 352, 752 P.2d 1, 5 (App.1987).
 
 
 15
 The most difficult question is whether fraud is present. Actual fraud, it is conceded, is not. In the context of insurance applications, however, "fraud" also includes "legal" fraud. See Marine v. Allstate Ins. Co., 12 Ariz.App. 229, 232, 469 P.2d 121, 124 (1970). Legal fraud occurs when, regardless of intent to deceive, an insurance applicant makes false statements or omissions concerning material facts and those facts were either within, or presumed to be within, the applicant's personal knowledge. Continental Cas. Co. v. Mulligan, 10 Ariz.App. 491, 493, 460 P.2d 27, 29 (1969). Here, the physical symptoms Terry Aron experienced (severe chest pains, acid in his throat, constant pain) and the medical treatment he sought, after completing his insurance application but before receiving the policy, were clearly facts within his personal knowledge.
 
 
 16
 Moreover, these facts were material and would have caused Kemper to deny Terry Aron's application. As the Arizona Court of Appeals has acknowledged, "[t]he test of materiality is whether the facts, if truly stated, might have influenced a reasonable insurer in deciding whether to accept or reject the risk"; materiality is thus not limited to omissions of life-threatening illnesses. See Central Nat'l. Life Ins. Co. v. Peterson, 23 Ariz.App. 4, 7, 529 P.2d 1213, 1216 (1975). It is undisputed that, had Kemper known of Terry Aron's physical symptoms, it, in good faith, would not have issued the policy.
 
 
 17
 Because Terry Aron's failure to disclose the changes in his physical condition constituted legal fraud, involved facts material to Kemper's risk assessment, and resulted in Kemper issuing a policy it, in good faith, would not otherwise have issued, the district court properly concluded that Kemper was entitled to rescission of the policy.
 
 3. Attorney's Fees
 
 18
 Kemper requests attorney's fees on appeal pursuant to A.R.S. Sec. 12-341.01. We have the discretion to award fees, see Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985), but elect not to do so in this case. Factors bearing on the appropriateness of an attorney's fees award include, among other things, (1) the merits of the unsuccessful party's claim or defense, (2) the novelty of the legal question, (3) whether such a claim has previously been decided in the jurisdiction, and (4) whether an award of fees would discourage other parties with tenable claims from litigating. Id. at 570. Applying these factors here, we conclude that an award of fees is inappropriate.
 
 CONCLUSION
 
 19
 The judgment of the district court is AFFIRMED. Kemper's request for attorney's fees on appeal is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Aron is incorrect in his contention that the duty to disclose conflicts with the general principle, described in Smith v. Phlegar, 73 Ariz. 11, 18, 236 P.2d 749, 754 (1951), that courts should avoid implying contract terms. As the U.S. Supreme Court noted in Stipcich, the duty to disclose is "imposed by law as a result of ... the peculiar character of the insurance contract." 277 U.S. at 318