IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| VALLEY FARMS, LTD., an Illinois corporation, | ) ) ) | 2 CA-CV 2003-0040 DEPARTMENT A |
| Plaintiff/Appellant, | ) ) | O P I N I O N |
| v. | ) ) | |
| TRANSCONTINENTAL INSURANCE COMPANY; CNA CASUALTY OF CALIFORNIA, dba CNA INSURANCE COMPANIES, | ) ) ) ) ) | |
| Defendants/Appellees. | ) ) ) | |

APPEAL FROM THE SUPERIOR COURT OF GRAHAM COUNTY

Cause No. CV99-0085

Honorable C. Robert Pursley, Judge

REVERSED AND REMANDED

Lieberman, Dodge, Gerding, Kothe & Anderson, Ltd.
  By David R. Dodge and Marc R. Lieberman                                      Phoenix
                                                        Attorneys for Plaintiff/Appellant

Richards & Smock
  By Charles F. Richards and Carolyn R. Tatkin                                 Phoenix
                                                        Attorneys for Defendants/Appellees

B R A M M E R, Presiding Judge.

¶1        Appellant Valley Farms, Ltd. appeals from the trial court's grant of summary judgment in favor of appellees Transcontinental Insurance Company and CNA Casualty of California (collectively, Transcontinental) on the issue of misrepresentations in Valley Farms's application for insurance. We conclude that Valley Farms had a continuing duty to update Transcontinental on claims it had made between the time it gave Transcontinental's agent claims information and the time Transcontinental issued the policy of hazard insurance. But, because we conclude a genuine issue of material fact exists as to whether Transcontinental would have issued the policy, would have issued it in as large an amount, or would have provided coverage for lightning damage if it had known additional facts, we reverse summary judgment and remand the case for further proceedings.

Facts and Procedural Background

¶2        In reviewing a summary judgment, we view the facts and the reasonable inferences therefrom in the light most favorable to the party opposing the summary judgment motion. Link v. Pima County, 193 Ariz. 336, 972 P.2d 669 (App. 1998). Valley Farms owns and operates apple orchards; it also owns a refrigerated warehouse in which it stores harvested apples. In 1996, Valley Farms applied for commercial insurance coverage from Transcontinental because its coverage with its then insurer, Golden Eagle, was scheduled to expire on November 1, 1996. Early that summer, Transcontinental requested information about Valley Farms's claims history. Valley Farms reported that it had made one claim with Golden Eagle for damage caused by a lightning strike. Transcontinental's agent, Jay Walter, submitted Valley Farms's application to Transcontinental on October 8, 1996. Although Valley Farms apparently was unaware of when Walter would submit the application to Transcontinental, it knew the Golden Eagle policy would

2

expire on November 1, and that it would need replacement coverage by that date. Between June 1 and October 8, Valley Farms made three additional claims with Golden Eagle for damage caused by lightning strikes. Valley Farms did not disclose these claims to Transcontinental, and Transcontinental did not request that Valley Farms update its historical claims record after Walter obtained the application information, but before Transamerica issued the insurance policy.

¶3        On September 30, 1997, Valley Farms reported to Transcontinental that lightning had damaged a pump used to operate Valley Farms's apple storage refrigeration unit. After it discovered the damage, Valley Farms moved the apples to an alternate refrigerated storage unit in an effort to prevent them from spoiling. When Valley Farms shipped those stored apples to a buyer in December 1997, the buyer reported they had been damaged and were not salable. Valley Farms reported the damage to the apples to Transcontinental on December 17. When Transcontinental investigated the claim in 1998, it discovered the three additional claims Valley Farms had made with Golden Eagle. Transcontinental paid the claim Valley Farms had made for the repair and replacement of the damaged pump equipment but denied Valley Farms's claim for the lost apple inventory.

¶4        Valley Farms sued Transcontinental for breach of contract and bad faith for making unreasonable document requests and refusing to pay Valley Farms's claim for damages caused by a lightning strike. The trial court granted one of Transcontinental's motions for summary judgment, concluding that Valley Farms was precluded from recovering damages because it had not cooperated with Transcontinental in its investigation of the claim and that Valley Farms had failed to show Transcontinental had acted in bad faith. Valley Farms appealed that judgment and we reversed, concluding that the trial court had erred in granting summary judgment in favor of

3

Transcontinental. We ruled that Transcontinental was required to show it had been prejudiced by Valley Farms's failure to cooperate and that issues of fact existed as to whether Transcontinental had acted in bad faith. Valley Farms, Ltd. v. Transcontinental Ins. Co., No. 2 CA-CV 01-0115 (memorandum decision filed January 17, 2002).

¶5    Valley Farms now appeals from the trial court's grant of summary judgment in favor of Transcontinental on Transcontinental's subsequent motion for summary judgment in which it argued that Valley Farms had fraudulently misrepresented material facts in its application for insurance and that, had Transcontinental known the true facts, it "probably would not have issued the insurance policy . . . at issue in this case."

Discussion

Motion to amend answer

¶6    We first address Valley Farms's argument that the trial court erred by granting Transcontinental's motion to amend its answer to include the defense of misrepresentation, and that "Transcontinental is estopped from raising the defense of misrepresentation in the application for insurance" because it did not timely raise the defense. We will not disturb a trial court's ruling on a motion to amend a pleading absent an abuse of discretion. Czarnecki v. Volkswagen of America, 172 Ariz. 408, 837 P.2d 1143 (App. 1991). "Leave to amend shall be freely given when justice requires." Ariz. R. Civ. P. 15(a)(1), 16 A.R.S., Pt. 1.

¶7    Valley Farms filed its first amended complaint in November 1999. In January 2000, Transcontinental filed its answer, which contained no allegations that Valley Farms had made misrepresentations in its application. In September 2000, Transcontinental filed two motions for summary judgment. One motion was based on Valley Farms's alleged failure to cooperate in the

4

claims investigation, and the second was based on misrepresentations Valley Farms allegedly had made during the application process. In October, Valley Farms moved to strike the second motion on the ground that the first time Transcontinental had raised the misrepresentation issue was in its response to Valley Farms's request for discovery. Valley Farms argued that Transcontinental should have raised the misrepresentation defense in an amended answer. In responding to Valley Farms's motion to strike, Transcontinental alternatively moved to amend its answer to allege a fraudulent misrepresentation defense.

¶8 Without ruling on Transcontinental's motion for summary judgment based on misrepresentation, its motion to amend its answer, or Valley Farms's motion to strike, the trial court granted Transcontinental's motion for summary judgment based on Valley Farms's failure to cooperate in the claims investigation. As noted above, we reversed that ruling in the first appeal. Immediately upon remand, Transcontinental renewed its motion to amend its answer to include the application misrepresentation defense. The trial court granted the motion before Valley Farms filed its untimely opposition.

¶9 Valley Farms argues Transcontinental's motion to amend its answer was untimely because it was filed in February 2002, more than two years after Valley Farms had filed its complaint in 1999. Valley Farms's argument is misplaced. One of Transcontinental's motions for summary judgment filed in September 2000 was based on Valley Farms's failure to disclose the additional lightning damage claims. The trial court did not rule on that motion, however, granting instead Transcontinental's other motion for summary judgment based on Valley Farms's failure to cooperate. The motion to amend, therefore, was still pending when the case was remanded to the trial court after Valley Farms's first appeal. Based on this record, we cannot say that the trial court

5

abused its discretion when it granted Transcontinental's motion to amend its answer. See Czarnecki.

Misrepresentation in insurance application

¶10        Valley Farms further argues that the trial court erred in granting summary judgment in favor of Transcontinental on the application misrepresentation issue. On appeal from summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court erred in applying the law. Bothell v. Two Point Acres, Inc., 192 Ariz. 313, 965 P.2d 47 (App. 1998). A motion for summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusions advanced by the proponent of the claim or defense." Orme Sch. v. Reeves, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). To withstand a motion for summary judgment, the opposing party must show that a genuine issue of material fact exists that precludes summary judgment in favor of the moving party. Ariz. R. Civ. P. 56(c), 16 A.R.S., Pt. 2.

¶11        In its motion for summary judgment, Transcontinental relied on A.R.S. § 20-1109 to argue that Valley Farms had "made fraudulent misrepresentations of material facts in its insurance application [and that, h]ad the true facts been known, [Transcontinental] probably would not have issued the insurance policy." Section 20-1109 provides:

> All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy unless:

6

1. Fraudulent.

2. Material either to the acceptance of risk, or to the hazard assumed by the insurer.

3. The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

¶12    An insurer may not deny coverage under a policy unless the insurer can prove that all three conditions of § 20-1109 have been satisfied. State Comp. Fund v. Mar Pac Helicopter Corp., 156 Ariz. 348, 752 P.2d 1 (App. 1987). To avoid coverage of an insured risk in an insurance policy based on an insured's misrepresentation in the application, an insurer must prove the insured committed actual or legal fraud that was material to the insurer's accepting that risk. Equitable Life Assurance Soc'y of the United States v. Anderson, 151 Ariz. 355, 727 P.2d 1066 (App. 1986). "Actual fraud requires an intent to deceive while legal fraud does not." Id. at 357, 727 P.2d at 1068. Legal fraud exists

> if the question [asked in an insurance application] is one where the facts are presumably within the personal knowledge of the insured, and are such that the insurer would naturally have contemplated that his answers represented the actual facts, if the representation be false, the insured is guilty of legal fraud, although as a matter of fact he may not have intended to deceive the insurer; but that where the question is of such a nature that a reasonable man would know that it represented merely the opinion of the insured, there must be an actual intent to deceive and bad faith on the part of the insured.

Ill. Bankers' Life Ass'n v. Theodore, 44 Ariz. 160, 170-71, 34 P.2d 423, 427 (1934). "The test of materiality is whether the facts, if truly stated, might have influenced a reasonable insurer in

7

deciding whether to accept or reject the risk." Cent. Nat'l Life Ins. Co. v. Peterson, 23 Ariz. App. 4, 7, 529 P.2d 1213, 1216 (1975).

¶13    When Walter requested a claims history from Valley Farms's representative, Lori Hasselbring, she reported one claim for lightning damage on June 1, 1996. Between the time Walter made the request and when he submitted the application several months later, Valley Farms filed claims with Golden Eagle for lightning damage that had occurred on July 23, August 10, and September 14, 1996. In her deposition, Hasselbring stated that it "[d]idn't even cross [her] mind" to update Valley Farms's claims history after she had reported the June lightning claim to Walter in response to his inquiry earlier that summer. And Walter did not request an updated historical record before he submitted the application to Transcontinental. Transcontinental's underwriter, Nancy Rummel, stated in an affidavit that, "in all probability, . . . Transcontinental . . . would [not] have issued the policy of insurance ultimately issued . . . had the true history of claimed lightning losses been disclosed . . . . The prior claim history was both material to the acceptance of the risk and to the hazard assumed by the insurer."

¶14    The trial court originally denied Transcontinental's motion for summary judgment as to the misrepresentation issue, finding "reasonable people can differ as to the meaning of the facts." The court subsequently reversed that decision, however, and granted summary judgment in favor of Transcontinental after it filed a motion for reconsideration. In doing so, the trial court relied on Stipcich v. Metropolitan Life Insurance Co., 277 U.S. 311, 48 S. Ct. 512, 72 L. Ed. 895 (1928), concluding that, as the insurance applicant, Valley Farms had had a duty to update its claims history to report the three additional lightning claims the company had made after Walter inquired about its past claims history.

8

¶15        We agree. Reversing the judgment in favor of the insurer and remanding the case for a new trial on other grounds, the Court in Stipcich stated the general rule is that changes materially affecting the risk to an insurer and about which the insurer has previously inquired that become known to the prospective insured between the time an application for insurance is completed and submitted and an insurance policy is issued must be disclosed to the insurer. See also 6 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3D § 82:3 (3d ed. 1997). The issue of whether a prospective insured has a continuing duty to disclose all facts that may affect the risk an insurer assumes that arise after an insurance application has been completed but before the insurer issues the policy of insurance is an issue of first impression in Arizona. See McCollum v. Cont'l Cas. Co., 151 Ariz. 492, 728 P.2d 1242 (App. 1986) (acknowledging issue one of first impression and discussing continuing duty rule in dicta, but applying predated policy rule). The rule Stipcich announced, which is based on a "spirit of fair dealing," is generally recognized in other jurisdictions. See Borden v. Paul Revere Life Ins. Co., 935 F.2d 370 (1st Cir. 1991) (duty to disclose medical conditions between time original disability insurance policy issued and replacement policy issued); Carroll v. Preferred Risk Ins. Co., 215 N.E. 2d 801 (Ill. 1966) (duty to disclose fatal car accident to insurer after application submitted but before automobile liability insurance policy issued); United Sav. Life Ins. Co. v. Coulson, 560 S.W. 2d 211 (Tex. App. 1977) (duty to disclose material change in physical condition occurring between time of application and issuance of life insurance policy). We adopt it as the law in Arizona.

¶16        We conclude that Valley Farms had a continuing duty to update Transcontinental about any additional claims it made, including the lightning strike claims, before Transcontinental issued the insurance policy. Because Valley Farms failed to report the three claims it had made

before the policy was issued, no genuine issue of material fact exists as to whether legal fraud exists, even though there is no evidence Valley Farms intended to deceive Transcontinental. Because Valley Farms failed to disclose the additional claims, the application was false as to its claims history, see Stipcich, and satisfies the requirement of § 20-1109(1). See Ill. Bankers'.

¶17 In her affidavit, Rummel stated, "The prior claim history was . . . material to the acceptance of the risk." Because Valley Farms does not dispute this statement, we also conclude that no genuine issue of material fact exists as to whether the additional claims were material to Transcontinental's acceptance of the risk, as required by § 20-1109(2).

¶18 The final issue, therefore, is whether any genuine issue of material fact exists as to the last requirement of § 20-1109(3). In this regard, Rummel also stated in her affidavit that,

> in all probability, neither Transcontinental nor any other CNA commercial insurance company would have issued the policy of insurance ultimately issued by Transcontinental in this matter had the true history of claimed lightning losses been disclosed . . . . In the unlikely event a policy had even been issued, the policy would not have been issued with the same terms and conditions as contained in the Transcontinental policy which was issued in the absence of the . . . claim history. . . . The prior claim history was both material to the acceptance of the risk and to the hazard assumed by the insurer. As a result, had the high incidence of prior lightning claims been know[n], at the very least additional exclusions or limitations would have been written into the policy to protect the insurer.

We conclude that Rummel's affidavit is equivocal as to what Transcontinental's response would have been if Valley Farms had disclosed the additional claims.[1] Specifically, Transcontinental

---

[1]In its minute entry granting Transcontinental's summary judgment motion, the trial court noted that Transcontinental's agent had stated he had never asked for updated claims information "because he felt it was unnecessary due to the 'soft market' among insurance companies and that the insurance would have been written regardless of the historical losses." Contrasted with Rummel's affidavit, this statement appears to raise a question of fact, at the very least, on this issue.

10

failed to demonstrate that no genuine issue of material fact exists as to whether, knowing the information Valley Farms had withheld, it would have issued an insurance policy, whether it would have issued a policy with coverage amounts smaller than those contained in the issued policy, or whether it would have provided any coverage for lightning strike damages. See § 20-1109(3). Therefore, we conclude that the trial court erred in granting summary judgment in favor of Transcontinental.

Attorney fees

¶19      Valley Farms and Transcontinental have both requested attorney fees on appeal pursuant to A.R.S § 12-341.01(A). In our discretion, we decline the requests without prejudice to either party to renew the request in the trial court after a decision on the merits.

 

 

_____
J. WILLIAM BRAMMER, JR., Presiding Judge

CONCURRING:

_____
M. JAN FLÓREZ, Judge

_____
JOSEPH W. HOWARD, Judge