342 P.3d 1285

SCF GENERAL INSURANCE COMPANY, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

David S. Jensen, Respondent Employee,

Walia, LLC/101 Towing, Respondent Employer,

Special Fund Division/No Insurance Section, Respondent Party in Interest.

No. 1 CA–IC 14–0017.

Court of Appeals of Arizona, Division 1.

Feb. 24, 2015.

SCF General Insurance Company, by Mark A. Kendall, Phoenix, for Petitioner Carrier.

Industrial Commission of Arizona, by Andrew F. Wade, Phoenix, for Respondent.

Phillips Law Group, P.C., by George V. Sarkisov, Phoenix, for Respondent Employee.

Carm R. Moehle, P.C., by Carm R. Moehle, Phoenix, for Respondent Employer.

Special Fund Division/No Insurance Section, by Stephen D. Ball, Phoenix, for Respondent Party in Interest.

Presiding Judge JON W. THOMPSON delivered the Opinion of the Court, in which Judge DONN KESSLER and Judge KENT E. CATTANI joined.

## OPINION

THOMPSON, Judge:

¶ 1 This is a special action review of an Industrial Commission of Arizona (ICA) award and decision upon review finding that the respondent employer, Walia, LLC (Walia), had workers' compensation coverage in effect at the time the respondent employee (claimant) sustained his January 24, 2013 industrial injury. The petitioner carrier, SCF General Insurance Company (SCF), raises four issues:

(1) whether the administrative law judge (ALJ) erred by finding that SCF failed to meet its burden of proof under Arizona Revised Statutes (A.R.S.) § 20–1109 (the rescission statute);

(2) whether SCF was required to comply with A.R.S. § 23–961(1) (the cancellation statute) before it could rescind Walia's workers' compensation coverage;

(3) whether SCF and Walia entered into a binding agreement for insurance pursuant to A.R.S. § 23–1102; and

(4) whether SCF waived its right to rescind Walia's insurance policy.

Because we hold that the ALJ erroneously found the continuing duty rule inapplicable and erroneously found that A.R.S. § 23–961(1) precluded SCF from rescinding Walia's coverage, we set aside the award.[1]

## I. JURISDICTION AND STANDARD OF REVIEW

¶ 2 This court has jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(2) (2003), 23–951(A) (2012), and Arizona Rule of Procedure for Special Actions 10 (2009).[2] In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App.2003). We consider the evidence in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App.2002).

## II. PROCEDURAL AND FACTUAL HISTORY

¶ 3 Claimant was injured on January 24, 2013, while working as a tow truck driver for Walia. Claimant filed a worker's report of injury, but SCF denied his claim for benefits because it had rescinded Walia's workers' compensation coverage. Claimant and Walia protested the denial of benefits and asserted that Walia had valid workers' compensation coverage with SCF on the date of claimant's injury. Based on SCF's denial of coverage, the respondent party in interest, Special Fund Division/No Insurance Section (No Insurance), entered an award accepting claimant's claim for benefits and notifying Walia that it would be subject to a lien for all benefits paid on its behalf by No Insurance.

¶ 4 The ICA scheduled a hearing, and the ALJ entered an order joining both SCF and No Insurance as interested parties. At the

---

1. Due to this resolution, we need not address the remaining issues.

2. Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

hearing, the ALJ heard testimony from Walia's owner and two SCF employees. Both parties subsequently filed legal memoranda. The ALJ entered an award finding claimant's claim compensable and the sole responsibility of SCF. SCF timely requested administrative review. The ALJ summarily affirmed the award. This petition followed.

## III.  DISCUSSION

¶ 5  SCF first argues that the ALJ erred by finding that it had failed to meet its burden of proof under A.R.S. § 20–1109 for rescinding Walia's workers' compensation coverage.  The rescission statute provides:

All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties.  Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy unless:

1.  Fraudulent.

2.  Material either to the acceptance of the risk, or to the hazard assumed by the insurer.

3.  The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

SCF asserts that Walia's failure to inform it of the claimant's January 24, 2013 industrial injury during the reinstatement process was fraud material to SCF's acceptance of the risk and that it would not have reinstated Walia's workers' compensation policy if it had known of the injury.

¶ 6  Mary Owens, an SCF sales and service manager, testified that SCF had written two prior workers' compensation insurance policies for Walia: the first from January 2, 2011 to January 22, 2012, and the second from January 22, 2012 to January 22, 2013.  She explained that Walia's annual policy premium was an estimate based on the National Council on Compensation Insurance manual.  At the end of each policy term, SCF audited its insured's payroll to determine if additional premiums were due or overpaid.

¶ 7  Ms. Owens testified that policies are written for twelve months and renew automatically, but a policy audit must be completed within thirty days after the previous policy term ends.  On June 1, 2012, SCF sent Walia a notice of nonrenewal because no audit had been completed for the 2011–12 policy year.  When Walia did not submit information for the 2011–12 audit, its workers' compensation insurance lapsed on January 22, 2013.

¶ 8  On that same date, Walia filed a request to reinstate its workers' compensation policy with SCF. It submitted SCF's Request to Reinstate Form which stated:

Please consider this request to reinstate the above canceled policy.  The policy has not been reinstated within the last three years; **there have been no claims or injuries since the cancellation date** and all premiums and payments due up to the date of this request have been paid.

(Emphasis added.)  SCF agrees that these statements were true when the form was submitted.  Walia subsequently submitted materials for the SCF audits for both the 2011–12 and 2012–13 policy years, and on January 24, 2013, at 4:40 p.m., it paid SCF $19,468 for premiums owed pursuant to the audits.  SCF reinstated Walia's insurance policy on January 25, 2013, with coverage retroactive to January 22, 2013, at 12:01 a.m.

¶ 9  Unbeknownst to SCF, on January 24, 2013, at 2:00 p.m., claimant sustained an industrial injury.  When SCF became aware that an injury had occurred before the policy reinstatement, it rescinded Walia's coverage. Ms. Owens testified that SCF reasonably relied on Walia's representation that there were "no claims or injuries" after the cancellation date, because the policy would not have been reinstated if SCF had been aware of the uncovered injury.

¶ 10  With regard to the rescission statute, SCF asserts that Walia was subject to Arizona's "continuing duty" rule.  This rule requires an insurance applicant to update the insurer as to any known changes

that occur between the time an application for insurance is submitted and the time the policy is issued. Walia responds that this duty only pertains to information provided in the insurance application, which was correct at the time it was given. Because the information it provided in its reinstatement request was correct when submitted, Walia argues that the continuing duty rule did not apply and it was under no obligation to update SCF as to any changes that occurred after its request for reinstatement.

¶ 11 In support of its argument that Walia was subject to the continuing duty rule, SCF relies on *Valley Farms, Limited v. Transcontinental Insurance Company*, 206 Ariz. 349, 354, ¶ 16, 78 P.3d 1070, 1075 (App.2003). Valley Farms owned and operated apple orchards and a refrigerated apple storage facility. *Id.* at 350, ¶ 2, 78 P.3d at 1071. It carried commercial insurance that was expiring on November 1, 1996, and it had applied to Transcontinental for a new commercial hazard policy. *Id.* at ¶ 1. As part of the application process, early in the summer, a Transcontinental agent requested historical claim information from Valley Farms, which reported making one claim for lightning damage in June 1996. Valley Farms's application was submitted to Transcontinental in October 1996. Between the time Valley Farms reported the June 1996 loss claim to Transcontinental and the time the policy was issued, Valley Farms had filed three additional claims for lightning-related losses with its prior carrier. *Id.* at 353, ¶ 13, 78 P.3d at 1074.

¶ 12 In 1997, Valley Farms filed a lightning damage claim with Transcontinental. During its investigation of the 1997 claim, Transcontinental discovered the three additional 1996 claims. Litigation ensued, and the court ruled that Valley Farms had "a duty to update its claims history to report the three additional lightning claims it had made after [Transcontinental] inquired about its past claims history." *Id.* at ¶ 14. On appeal this court agreed and held:

> We conclude that Valley Farms had a continuing duty to update Transcontinental about any additional claims it made, including the lightning strike claims, before

Transcontinental issued the insurance policy.

*Id.* at ¶ 16.

¶ 13 In this case, the ALJ adopted Walia's argument and found that Walia was only required to correct "any misinformation originally given during the application process," and for that reason, concluded "that the 'rescission statute' ... does not apply...." We disagree with the ALJ's interpretation of the continuing duty rule and find guidance in *Valley Farms*. In both *Valley Farms* and this case, the employers applied for insurance coverage and were required to provide historical claims information. Valley Farms provided correct information to the insurer's agent at the time it inquired into obtaining insurance. Walia provided correct information when it requested reinstatement of the lapsed coverage. As in *Valley Farms*, prior to insurance coverage being issued, Walia sustained an additional loss of which it was aware and it did not report the claim to the prospective insurer.

¶ 14 For purposes of loss claims, we perceive no meaningful difference between an application for new insurance and a request to reinstate a lapsed insurance policy. For that reason, we hold that Walia was subject to the continuing duty rule and was required to inform SCF of injuries or loss claims occurring after its request for reinstatement and before its policy was reinstated.

¶ 15 Walia contends that any continuing duty extended only to inaccuracies contained in its request for reinstatement and cites *McCollum v. Continental Casualty Company*, 151 Ariz. 492, 493, 728 P.2d 1242, 1243 (App.1986). We find *McCollum* factually distinguishable. In *McCollum*, a chiropractor completed an application for malpractice insurance, which included coverage for prior acts. The effective date of the insurance policy was the date the application was submitted, pending approval by the carrier. *Id.* After the chiropractor mailed his application and his first premium check to the insurance company, but prior to carrier approval, he was sued for malpractice. *Id.* The insurance company argued that the chiropractor had a duty to disclose the lawsuit, and his failure to

do so precluded his receipt of insurance coverage. *Id.* at 494, 728 P.2d at 1244.

¶ 16 This court disagreed based on the predated policy rule. "When an insurer agrees to predate a policy and accepts a premium payment for the period between the date of application and the date of issuance, then that insurer has assumed the risk of any intervening loss." *Id.* We concluded that "an insured is covered under a predated policy of insurance which becomes effective on the date he submits his application and tenders his premium payment." *Id.* at 495, 728 P.2d at 1245. Here, because Walia did not make any payment at the time it filed its request to reinstate, we find the predated policy rule inapplicable.

 ¶ 17 Finally, SCF asserts the ALJ erred when it found that A.R.S. § 23–961(I)

applied in this situation. Section 23–961(I) requires insurers to provide at least thirty days' notice to both the employer and the commission when it decides to cancel or non-renew an employer's workers' compensation policy. We agree that the provision does not apply if a policy is rescinded, rather than cancelled. *See State Compensation Fund v. Mar Pac Helicopter Corporation,* 156 Ariz. 348, 752 P.2d 1 (App.1987).

¶ 18 Because we find the ALJ's award legally erroneous, we set it aside.