NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PRINCIPAL LIFE INSURANCE
COMPANY,

      Plaintiff-counter-
      defendant-Appellee,

 v.

EMAD ZAKI,

      Defendant-counter-claimant-
      Appellant.

No.   18-16572

D.C. No. 2:15-cv-01337-SMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted March 2, 2021[**]
Phoenix, Arizona

Before: BEA and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

In this insurance dispute, Emad Zaki appeals from the district court's grant of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

summary judgment in favor of Principal Life Insurance Company, rescinding Principal's disability insurance contract with Zaki under Ariz. Rev. Stat. ("ARS") § 20-1109. Reviewing de novo, we affirm. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).

1. Arizona law allows an insurer to deny coverage because of a misrepresentation in the insurance application. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920–21 (9th Cir. 2008) (citing ARS § 20-1109). Principal sought to rescind Zaki's disability insurance because of misrepresentations in his application form. Zaki countered that two "agents" of Principal, Bishara Bahbah and Steve Moore, filled out his application form and so Principal was responsible for any omissions or errors. We hold that ARS § 20-1109 is met because Bahbah and Moore were not agents of Principal and, therefore, misstatements in Zaki's application are not attributable to the insurance company.

Agency may be based on either actual or ostensible authority. *Ruesga v. Kindred Nursing Centers, L.L.C.*, 215 Ariz. 589, 597 (Ct. App. 2007). Here, Bahbah and Moore obtained actual authority from Principal only for the limited purpose of facilitating the submission of insurance applications. But under Arizona law, this makes Bahbah and Moore mere "soliciting agents," and mistakes in an insurance application resulting from a soliciting agent are not attributable to the insurer. *See Smith v. Republic Nat'l Life Ins. Co.*, 107 Ariz. 112, 116 n.3 (1971); *see also Curran*

2

*v. Indus. Comm'n of Ariz.*, 156 Ariz. 434, 436 (Ct. App. 1988) ("Insurance agents differ from independent agents or brokers. The former are authorized representatives of the insurer; the latter are middlemen representing the insured. For this reason, the acts of the insurance agent, but not those of the independent agent or broker, are imputable to the insurer.").

Nor did Bahbah and Moore have ostensible authority. Such authority is present when "the principal knowingly or negligently holds his agent out as possessing" authority or (2) "permits [the claimant] to assume" the putative agent possesses such authority. *Reed v. Gershweir*, 160 Ariz. 203, 205 (1989). Zaki has not pointed to any act which suggests that Principal had held out Bahbah and Moore as its agents to him. *See id*. ("Apparent authority can never be derived from the acts of the agent alone."). The undisputed evidence showed that Principal did not train Bahbah and Moore directly, provide them with office space or supplies, or control their work. Accordingly, any "fraudulent" statement in Zaki's application is not chargeable to Principal. ARS § 20-1109(1).

2. The materiality and reliance prongs of § 20-1109 are also met. *See* ARS § 20-1109(2)–(3). Materiality is met when "the facts, if truly stated, might have influenced a reasonable insurer in deciding whether to accept or reject the risk." *Cent. Nat'l Life Ins. Co. v. Peterson*, 23 Ariz. App. 4, 7 (1975). Reliance is established if the company shows that it "in good faith would either not have issued

3

the policy, or would not have issued a policy in as large an amount." ARS § 20-1109(3).

These prongs are met because Principal's underwriting guidelines establish a $25,000 per month maximum issue and participation limit for disability insurance. It is undisputed that the omissions or misstatements in Zaki's application went toward other disability benefits he would receive. Indeed, Principal specifically stated in its letter to Zaki that it would not have approved his application had it known of his other in-place policies. Because Zaki has not proffered evidence to rebut Principal's evidence that the underwriting guidelines were material and relied upon to cause the company's rescission, no genuine issue of fact exists as to the elements of materiality and reliance. *See Valley Farms, Ltd. v. Transcon. Ins. Co.*, 206 Ariz. 349, 354 (Ct. App. 2003) (failure to disclose information was material because defendant did not dispute plaintiff's statement that the information was material).

3. Zaki's argument on appeal regarding his breach of contract claim relies on his contention that the errors in his application are attributable to Principal through Bahbah and Moore. Because, as we explained above, Bahbah and Moore were not Principal's agents, Zaki's breach of contract claim fails, also.

Zaki's bad faith claim fails, too, because it requires him to show that Principal (1) "acted unreasonably" and (2) that Principal knew "that it was acting

4

unreasonably or acted with such reckless disregard that such knowledge may be imputed to it." *Trus Joist Corp. v. Safeco Ins. Co. of Am.*, 153 Ariz. 95, 104 (Ct. App. 1986). As explained above, Principal is entitled to recission of Zaki's disability insurance contract. To be in bad faith in the performance of a contract there must be a valid contract. This contract was properly rescinded. Thus, Principal did not act unreasonably by refusing to perform that same contract. *Noble v. Nat'l Am. Life Ins. Co.*, 128 Ariz. 188, 190 (1981) ("To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy[.]") (simplified).

4. We do not reach Zaki's arguments regarding which state's law governs this dispute because generally "we will not consider arguments that are raised for the first time on appeal." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Zaki's motion for an indicative ruling in the district court is not on review before the court. Thus, in this appeal, Zaki cannot raise the issues raised in that motion. *See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990).

**AFFIRMED.**