NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSE SEVERO DE LOS REYES, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0910

FILED 07-17-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-003068
The Honorable Susanne Pineda, Judge

**AFFIRMED**

COUNSEL

Saldivar & Associates, PLLC, Phoenix
By Jose A. Saldivar, Maria David
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Tryon, Jennifer Rethemeier
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

---

**J A C O B S**, Judge:

¶1        Jose Severo de los Reyes ("Jose") appeals the grant of summary judgment to the State of Arizona and Motor Vehicle Division ("MVD") Director Eric Jorgenson in his suit alleging the MVD was grossly negligent by issuing a vehicle title to Miledys Pineda ("Pineda") for a vehicle Jose owned.   The superior court correctly determined there was no issue of fact as to whether the State and Jorgenson were grossly negligent. For that reason, we affirm the summary judgment under Arizona Rule of Civil Procedure ("Rule") 54(b) and the superior court's denial of Jose's request for leave to add a claim for gross negligence.

## FACTS AND PROCEDURAL HISTORY

¶2        Jose is the father of Severo de los Reyes ("Severo").  Severo bought a car while married to Pineda.   MVD issued a certificate of title to Severo for the car in 2019.

¶3        In 2021, Severo signed a durable power of attorney and appointed Pineda to serve as his attorney-in-fact.  Severo petitioned to dissolve his marriage to Pineda in July 2022.  Though property acquired during marriage is presumptively community property, A.R.S. § 25-211(A)(1), Severo did not list the car as a community asset or as separate property in his petition for dissolution.

¶4        Jose bought the vehicle from Severo on August 3, 2022.   That day, MVD issued a title transfer from Severo to Jose and issued a certificate of title for the vehicle to Jose.

¶5        The next day, August 4, 2022, the MVD issued a new certificate of title in Pineda's name.   In support of her application for title, Pineda used (1) the 2021 durable power of attorney she had for Severo, (2) the 2019 certificate of title MVD previously issued to Severo, (3) a power of attorney form involving a third party, and (4) a bill of sale showing transfer of ownership of the vehicle from Severo to Pineda.   Pineda later sold the vehicle to a fourth party.

**¶6** Jose filed a complaint against Pineda and the State for conversion, negligence, punitive damages, and declaratory relief. Jose later amended the complaint to add as a defendant Jorgenson, in his official capacity as the Director of the MVD.

**¶7** The State and Jorgenson moved for summary judgment on all of Jose's claims, arguing they had qualified immunity under A.R.S. § 12-820.02(A)(5). They argued that because Jose presented no evidence that the MVD employee who transferred the title to Pineda meant to injure Jose or was grossly negligent, they were immune from suit. Before the court ruled on the motion for summary judgment, Jose moved for leave to amend his first amended complaint to add a claim for gross negligence.

**¶8** The superior court granted summary judgment, finding no evidence the MVD employee meant to injure Jose or was grossly negligent by issuing the title certificate to Pineda. The court also found Jose's claim for declaratory relief was in substance a claim for mandamus, but that Jose failed to state such a claim. The court also denied Jose's motion for leave to amend his complaint. Because the motion for summary judgment resolved all claims against the State and Jorgenson, the court entered judgment in favor of the State and Jorgenson under Rule 54(b).

**¶9** Jose timely appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶10** We review summary judgments de novo. Ariz. R. Civ. P. 56(a); *Rosenberg v. Sanders*, 256 Ariz. 359, 364 ¶ 24 (2023). We view the facts in the light most favorable to Jose, as the party opposing summary judgment. *See S. Point Energy Ctr. LLC v. Ariz. Dep't of Revenue*, 253 Ariz. 30, 33 ¶ 10 (2022). We also review de novo whether the State is entitled to qualified immunity. *Spooner v. City of Phoenix*, 246 Ariz. 119, 123 ¶ 7 (App. 2018). We review the denial of a motion for leave to amend the complaint for an abuse of discretion. *Valley Farms, Ltd. v. Transcon. Ins. Co.*, 206 Ariz. 349, 352 ¶ 6 (App. 2003).

## I. The Superior Court Did Not Err by Finding the State and Jorgenson Were Entitled to Qualified Immunity.

**¶11** Jose argues the superior court erred by finding no issue of fact as to whether the MVD employee was grossly negligent by issuing the title certificate to Pineda, and thus entering summary judgment. *See* A.R.S. § 12-820.02(A)(5) (providing qualified immunity for the State and its employees

when a certificate of title is issued, unless the employee intended to cause injury or was grossly negligent). Jose does not argue the MVD employee meant to harm him, so we focus on gross negligence.

### A. Gross Negligence Defined

**¶12** "A party is grossly or wantonly negligent if he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." *Walls v. Dep't of Pub. Safety*, 170 Ariz. 591, 595 (App. 1991); *see also Williams v. Thude*, 180 Ariz. 531, 539 (App. 1994), *approved and explained in Williams v. Thude*, 188 Ariz. 257, 260 (1997). "Gross or wanton or willful misconduct is different from ordinary negligence in quality and not degree. A person can be very negligent and still not be guilty of gross negligence." *Kemp v. Pinal County*, 13 Ariz. App. 121, 124-25 (1970). Gross or wanton negligence "is highly potent, and when it is present it fairly proclaims itself in no uncertain terms. It is 'in the air,' so to speak. It is flagrant and evinces a lawless and destructive spirit." *Scott v. Scott*, 75 Ariz. 116, 122 (1953).

**¶13** Willful or wanton conduct is "action or inaction with reckless indifference to the result or the rights or safety of others." *Williams*, 180 Ariz. at 539; *see also* Rev. Ariz. Jury Instr. (Civil) Negligence 10 (7th ed. 2018).

**¶14** Given these definitions, proving gross negligence is difficult. *Luchanski v. Congrove*, 193 Ariz. 176, 180 ¶ 19 (App. 1998). The court may decide the issue as a matter of law when the plaintiff fails to introduce any evidence "that would lead a reasonable person to find gross negligence." *Walls*, 170 Ariz. at 595; *see also Armenta v. City of Casa Grande*, 205 Ariz. 367, 373 ¶ 21 (App. 2003). For the issue to get to the jury, the evidence "must be more than slight and may not border on conjecture." *Walls*, 170 Ariz. at 595.

### B. Jose Did Not Provide Evidence on Which a Reasonable Jury Could Find Gross Negligence.

**¶15** Jose argues that all of the facts in his motion together could lead a reasonable person to conclude the State was grossly negligent. *See DeElena v. S. Pac. Co.*, 121 Ariz. 563, 569 (1979). The State argues that the evidence is not enough to allow a reasonable jury to find for Jose, and also that Arizona does not recognize gross negligence without a showing of bodily harm, which is lacking here.

¶16 Jose points to evidence that the MVD employee failed to appreciate that Jose Severo de los Reyes, the father, was not the same person as Severo de los Reyes, his son, in the competing chains of title (Jose's valid title the MVD should have honored, and Pineda's invalid title, that it should not have honored). Specifically, Jose pointed to evidence that:

- the MVD employee notarized a bill of sale on August 4, 2022, transferring ownership of the vehicle from Severo to Pineda, despite title having been transferred to Jose the day before and Pineda having access to the vehicle's title history;
- the buyer portion of the August 4, 2022 bill of sale was signed by the third party using his power of attorney over Pineda, despite Pineda's physical presence at MVD and the seller portion of the bill of sale was signed by Pineda using her power of attorney over Severo; and
- the MVD employee did not notice that Jose and Severo were two different people.

¶17 Jose pointed to other evidence of MVD negligence:

- the MVD employee notarized a power-of-attorney that Pineda gave to a third party to sign documents for and transfer title to the vehicle;
- the title MVD issued to Pineda stated a significantly different odometer reading that that listed on the title transferring ownership to Jose the day before;
- the MVD employee notarized the transfer of ownership from Severo to Pineda on the back of the 2019 vehicle title issued to Severo, which listed a different address for Severo than the address listed on his certificate of title and the seller portion was signed by Pineda using her power-of-attorney over Severo; and
- the MVD required the employee to verify the name on the front of the title.

¶18 We agree with the superior court that taken together, these facts do not amount to gross negligence. The names of the father and son are strikingly similar: Jose Severo de los Reyes (father) and Severo de los Reyes (son). That similarity explains the MVD employee's failure to recognize the difference between Jose and Severo. The failure to realize the transfer of title had been made to Jose the day before and the failure to recognize certain discrepancies in mileage and addresses may be negligent but do not show a lawless or destructive spirit that surmounts the high bar. *See Scott*, 75 Ariz. at 122; *Williams*, 180 Ariz. at 539. Lacking evidence that the MVD employee created an unreasonable risk of injury and a high likelihood of substantial harm, the court properly concluded the State and

Jorgenson were entitled to qualified statutory immunity under A.R.S. § 12-820.02(A)(5). *See Walls*, 170 Ariz. at 597-98. Because we affirm on that basis, we do not reach the State's argument that gross negligence requires a showing of physical harm.

## II. The Superior Court Did Not Abuse Its Discretion by Denying Jose Leave to Amend His Complaint.

**¶19** Jose argues the superior court erred by denying him leave to file a second amended complaint adding a claim for gross negligence. Because the court granted summary judgment for lack of evidence of gross negligence, it would be futile to amend that complaint to add a claim for gross negligence. *Id.* at 596-97. The court did not abuse its discretion by denying Jose's motion to amend the complaint to add that legally insufficient claim. *See Valley Farms*, 206 Ariz. at 352 ¶ 6.

## CONCLUSION

**¶20** For the foregoing reasons, we affirm the superior court's ruling. We award the State its costs upon compliance with ARCAP 21.

